**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JAMES E. LUNDEEN, Sr., M.D.,**

      **Plaintiff,**

  vs.                                  **Civil Action 2:11-cv-484
Magistrate Judge King**

**LANCE A. TALMADGE,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

On November 21, 2011, and with the consent of the parties pursuant to 28 U.S.C. § 636(c), this Court dismissed plaintiff's claims against defendants, denied plaintiff's motion for default judgment, and denied plaintiff's motions for preliminary injunction. *Opinion and Order*, Doc. No. 42. Final judgment was entered that same date. *Clerk's Judgment*, Doc. No. 43. This matter is now before the Court on plaintiff's November 29, 2011, motion to reconsider. *Plaintiff's Verified Motion for Reconsideration of Order Pursuant to Fed.R.Civ.P. 59(e) and For a Status Conference*, Doc. No. 45 ("*Motion to Reconsider*"). For the following reasons, the *Motion to Reconsider*, Doc. No. 45, is **DENIED**.

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) (noting that a motion for reconsideration "generally is treated as a motion to alter or amend

judgment pursuant to Fed. R. Civ. P. 59(e)).

Plaintiff, attempting to identify a "clear error of law," advances the following arguments: (1) "[t]he lack of impartiality [of the officials who conducted the August hearing] must be presumed as the board members are named as defendants in this instant complaint," *Motion to Reconsider*, p.7; (2) the decision in *Watts v. Burkhart*, 978 F.2d 269, 271 (6th Cir. 1992), which was cited in this Court's order, is distinguishable on the ground that the medical board in that case held a suspension hearing before summarily suspending the plaintiff's license, *Motion to Reconsider*, p.11; (3) that because he denies the allegations against him, he "committed no cognizable bad act that would have precipitated state coercive action or proceedings," *id.*, p.12; and (4) because the allegations against him concern "the 'potential' for future harm to patients" rather than "actual harm," they are not allegations of "bad act[s]," *id.*, p.12. Plaintiff also alleges that he discovered "new evidence" in the form the State Medical Board's report and recommendation, which he believes demonstrates that the proceedings were "remedial" in nature. *Id.*, p.9. In particular, plaintiff alleges without citation that he "was also the plaintiff in the voluntary *remedial* board proceeding[] commenced on August 22, 2011." *Id.*, p.11 (emphasis in original).

Plaintiff fails to identify a basis for altering or amending the judgment dismissing this action. First, plaintiff's argument regarding the claimed partiality of certain state officials is frivolous and unsupported by legal authority. Second, plaintiff's attempt to identify a "clear error of law" by factually distinguishing *Watts v. Burkhart*, 978 F.2d 269, fails. *See also Buckwalter v. Nev. Bd. of Med. Exam'rs*, No.

2

2:10-CV-2034, 2011 WL 1200567, *3 (D. Nev. March 25, 2011) ("It cannot be seriously disputed that there are instances where public safety requires immediate suspension of licensee privileges."). Third, even pursuant to the standard cited by plaintiff, the fact that plaintiff denies the existence of bad conduct on his part is not enough to avoid *Younger* abstention. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 891 (10th Cir. 2009) ("[I]f the federal plaintiff has committed an *alleged* bad act, then the state proceeding initiated to punish the plaintiff is coercive.") (emphasis added). Fourth, plaintiff's attempt to redefine "harm" is unconvincing. *See also Brown*, 555 F.3d at 891. Finally, plaintiff cites to no document or authority indicating that he was the plaintiff in the state administrative proceedings or that those proceedings were otherwise remedial in nature.

Because plaintiff has not established a valid basis for altering or amending this Court's previous order and judgment, plaintiff's *Motion to Reconsider*, Doc. No. 45, is **DENIED**.


January 25, 2012                    *s/Norah McCann King*
  (Date)                              Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge
3