```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**JAMES E. LUNDEEN, Sr., M.D.,**

    Plaintiff,

  vs.                              Civil Action 2:11-CV-484
                                    Magistrate Judge King

**LANCE A. TALMADGE, M.D.,** *et al.*,

    Defendants.

## OPINION AND ORDER

This action originally arose out of plaintiff's summary suspension from the practice of medicine and surgery by the State Medical Board of Ohio ("the Board").  Proceeding without the assistance of counsel, plaintiff filed this action on June 3, 2011 against the twelve members of the Board in their official and individual capacities. The *Complaint*, ECF 2, asserted claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging violations of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights as well as claims under Ohio law.  Plaintiff sought a permanent injunction voiding his suspension and $36,000,000 in damages.  On November 11, 2011 the Court granted defendants' motion to dismiss, reasoning that (1) abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was appropriate with respect to plaintiff's claims for injunctive relief against defendants in their official capacity, (2) defendants were entitled to absolute quasi-judicial immunity in connection with plaintiff's federal claims for monetary damages against them in their personal capacity and (3) defendants were immune under O.R.C. § 9.86

1

from liability for monetary damages under state law. *Opinion and Order*, Doc. No. 42. This Court's judgment was affirmed by the United States Court of Appeals for the Sixth Circuit. *Lundeen v. Talmadge*, Case No. 12-3250 (6th Cir. Oct. 17, 2012).

This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of plaintiff's *Motion to Set Aside Judgment and Re-open Proceedings Pursuant to Rule 60(b)(4) and Rule 60(b)(5)* ("*Plaintiff's Motion for Relief from Judgment*"), ECF 52, and on plaintiff's *Motion to Amend the Complaint*, ECF 53. For the following reasons, the Court denies both motions.

Plaintiff first asks that the final judgment previously entered in this action be set aside. Specifically, plaintiff clarifies that, should the final judgment be vacated, he intends

> (1) to seek an adjudication that the Defendants' orders in 11-CRF-055, the medical board's action against Lundeen's Ohio medical license 35-052257 (certificate to practice) are void and shall not be enforced, (2) an order which mandates the Defendants' [sic] to vacate their void orders in 11-CRF-055, and (3) a prospective permanent injunction which bars the Defendants' [sic] from taking any further action against Lundeen based on their allegations in 11-CRF-055. Additionally, Lundeen seeks a judgment against the Defendants in their individual capacities for compensatory damages and punitive damages for their official actions, taken under color of law, for which they are individually liable pursuant to the stripping doctrine of *Ex Parte Young*. See *Ex Parte Young*, 209 U.S. 28 S. Ct. 441; 52 L. Ed. 714; 1908 U.S. LEXIS 1726.

*Plaintiff's Motion for Relief from Judgment*, pp. 2-3.

Rule 60 of the Federal Rule of Civil Procedure provides in pertinent part as follows:

2

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . for the following reasons: . . . (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]

Fed. R. Civ. P. 60(b). The decision to grant or deny a motion for relief from judgment under Rule 60(b) falls within the sound discretion of the trial court. *Futernick v. Sumpter Twp.*, 207 F.3d 305, 313 (6th Cir. 2000) (citing *United States v. Universal Mgmt. Servs., Inc.*, 191 F.3d 750, 757 (6th Cir. 1999)). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (quotations and citations omitted).

In the case presently before the Court, plaintiff "seeks to re-open this action to make a collateral challenge to the alleged jurisdiction of the Ohio medical board action and of its related appeals." *Plaintiff's Motion for Relief from Judgment*, p. 3. The Board's summary suspension and revocation of plaintiff's medical license is void, plaintiff argues, because the Board failed to provide notice of its administrative hearing by registered mail as required by O.R.C. § 119.07. *Id*. at pp. 5-6.[1] Plaintiff also argues that abstention is no longer appropriate because state administrative proceedings have now concluded (resulting in the permanent revocation

---

[1] Plaintiff does not allege that he was not provided notice of the hearing; he merely complains that the notice actually provided to him was not sent by registered mail and that the Board therefore lacked subject matter jurisdiction over the administrative proceedings.

3

of plaintiff's medical license), the Tenth District Court of Appeals has denied plaintiff's request to vacate the administrative orders, and the Supreme Court of Ohio has declined to hear plaintiff's appeal. *Id*. at pp. 2, 6.  Plaintiff therefore "seeks an order from this Court invalidating the orders of the Defendants in action 11-CRF-055 for being void due to total lack of subject matter jurisdiction." *Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Set Aside Judgment and Re-Open Proceedings Pursuant to Rule 60(b)(4) and Rule 60(b0(5),* ECF 55, pp. 8-9. Plaintiff's arguments are not well taken.

Plaintiff seeks relief from judgment under Rule 60(b)(4), (5), but he does not argue that this Court's judgment is void or that this Court's judgment has been satisfied, released, or discharged, that it is based on an earlier judgment that has been reversed or vacated, or that applying this Court's judgment prospectively is no longer equitable.  Instead, plaintiff argues that the Board's orders are void because the Board failed to provide notice of the administrative hearing by registered mail.  Plaintiff raised this same issue in state court; the Tenth District Court of Appeals rejected the argument "because the board's use of certified mail was not improper." *Lundeen v. State Med. Bd. of Ohio*, No. 12AP-629, 2013 WL 209136, at *3 (Ohio Ct. App. Jan. 17, 2013), attached as *Exhibit B* to *Plaintiff's Motion for Relief from Judgment.* The Ohio Supreme Court declined to accept jurisdiction of plaintiff's subsequent appeal.  *Lundeen v. State Med. Bd. of Ohio*, 136 Ohio St.3d 1405 (2013), attached as *Exhibit C* to *Plaintiff's Motion for Relief from Judgment*.

4

The grant of the relief requested by plaintiff would imply that the Ohio courts' interpretation of Ohio law was wrong and that this Court may properly make that determination.  However, this Court lacks appellate jurisdiction over final state court judgments.  *See Marks v. Tennessee,* 554 F.3d 619, 622 (6th Cir. 2009) ("Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'") (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006));[2] *Gilbert v. Ferry*, 401 F.3d 411, 416-17 (6th Cir. 2005) ("[L]ower federal courts lack the power to decide claims in which the relief requested . . . requires determining that the state court's decision is wrong or . . . void[ing] the state court's ruling.") (quotations and citations omitted)).

For the foregoing reasons, *Plaintiff's Motion for Relief from Judgment*, ECF 52, is **DENIED.**

Plaintiff has also filed a motion to amend the complaint, ECF 53, seeking to add new defendants and new claims.  However, in light of the denial of *Plaintiff's Motion for Relief from Judgment,* leave to amend the complaint would be inappropriate.  Accordingly, plaintiff's motion to amend, ECF 53, is likewise **DENIED.**

February 7, 2014                              *s/Norah McCann King*
                                              Norah McCann King
                                              United States Magistrate Judge

---

[2] *See Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923).