**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JAMES E. LUNDEEN, Sr., M.D.,**

    Plaintiff,

  vs.                                **Civil Action 2:11-CV-484**
                                        **Magistrate Judge King**

**LANCE A. TALMADGE, M.D.,** *et al.*,

    Defendants.

**OPINION AND ORDER**

On January 28, 2016, this Court denied plaintiff's *Motion for an Order in Equity pursuant to the Savings Clause of Rule 60 Setting Aside the Final Order of the State Medical Board of Ohio in Action 11-CRF-055 and Declaring Said Order Fraudulant* [sic] *and Void,* ECF No. 58 ("*Plaintiff's Rule 60(d) Motion*"). *Opinion and Order*, ECF No. 62. This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), on plaintiff's motion to reconsider that denial. *Motion for Reconsideration*, ECF No. 63.

This action arose out of the May 11, 2011 summary suspension of plaintiff from the practice of medicine and surgery by the State Medical Board of Ohio.  The Court dismissed the action on November 11, 2011, reasoning that (1) abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was appropriate with respect to plaintiff's claims for injunctive relief against defendants in their official capacity, (2) defendants were entitled to absolute quasi-judicial immunity in connection with plaintiff's federal claims for monetary damages against them in their personal capacity and (3) defendants were immune

1

under O.R.C. § 9.86 from liability for monetary damages under state law. *Opinion and Order*, Doc. No. 42. This Court's judgment was affirmed by the United States Court of Appeals for the Sixth Circuit. *Lundeen v. Talmadge*, Case No. 12-3250 (6th Cir. Oct. 17, 2012).[1]

*Plaintiff's Rule 60(d) Motion,* filed on August 31, 2015, addressed – not the summary suspension originally at issue in this case – but the December 2011 permanent revocation of plaintiff's certificate to practice medicine and surgery in the State of Ohio.[2] Specifically, plaintiff argued that the lawyers who had represented him in the state medical board administrative hearing that ultimately culminated in that permanent revocation had not acted on his behalf. *Plaintiff's Rule 60(d) Motion* asked that this Court "issue an ORDER setting aside and declaring the underlying December 14, 2011, order of [the Board] in its action 11-CRF-055 fraudulent and void, thus preventing the [Board] from deriving any benefit of said order." *Id*. at PAGEID# 3562 (emphasis in original).

This Court denied *Plaintiff's Rule 60(d) Motion* on January 28, 2016, concluding that plaintiff had not presented evidence of such "a grave miscarriage of justice" or an instance of such "unusual and exceptional circumstances" as to warrant the extraordinary relief

---

[1] On January 15, 2014, plaintiff moved to set aside that judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, *Motion to Set Aside Judgment and Re-Open Proceedings pursuant to Rule 60(b)(4) and Rule 60(b)(5),* ECF No. 52, and to amend the complaint, *Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law in Support*, ECF No. 53. This Court denied those motions. *Opinion and Order*, ECF No. 56.

[2] The Franklin County Court of Common Pleas affirmed the permanent revocation, the Tenth District Court of Appeals affirmed that judgment, *Lundeen v. State Med. Bd. Of Ohio*, 2013 WL 209136 (Ohio App. 10 Dist. Jan. 17, 2013) and the Ohio Supreme Court declined to accept plaintiff's appeal, *Lundeen v. State Med. Bd. Of Ohio*, 136 Ohio St.3d 1405 (2013).

sought by him. *Opinion and Order*, PAGEID# 4412, ECF No. 62 (citing *United States v. Beggerly*, 524 U.S. 38, 47 (1998); *Marcelli v. Walker*, 313 F.App'x 839, 842 (6th Cir. 2009)).

Even assuming that plaintiff's February 29, 2016 *Motion for Reconsideration* is timely, *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"), the Court nevertheless concludes that the motion is without merit.

The *Motion for Reconsideration* addresses the date on which plaintiff first had contact with his attorney. *See Declaration of James E. Lundeen, Jr., MD*, PAGEID# 4429, ECF No. 63. However, this issue was not determinative to the Court's denial of *Plaintiff's Rule 60(d) Motion* and does not warrant reconsideration of that denial.

Plaintiff also insists, again, that a WORD document and associated metadata "constitute the 'smoking gun'" that confirms the "treachery" of his counsel. *Motion for Reconsideration,* PAGEID# 4417. However, this Court remains convinced that "Defendants' suggested interpretation of [this evidence] . . . is at least as plausible as plaintiff's interpretation of this exhibit." *Opinion and Order*, PAGEID# 4411, ECF No. 62.

In the *Opinion and Order* denying *Plaintiff's Rule 60(d) Motion,* the Court also referred, in passing, to a motion for relief from the state court judgments pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure. *Opinion and Order*, PAGEID# 4411-12, ECF No. 62. Plaintiff argues that, under Ohio law, motions for relief from judgment are not applicable to administrative appeals. *Motion for*

*Reconsideration,* PAGEID# 4417-18. Regardless, the Court remains convinced that plaintiff has not established such egregious misconduct in connection with the state administrative hearing as to warrant the extraordinary relief contemplated by Rule 60(d) of the Federal Rules of Civil Procedure.

Plaintiff's *Motion for Reconsideration*, ECF No. 63, is therefore **DENIED**.

March 29, 2016                               *s/Norah McCann King*
                                             Norah M$^c$Cann King
                                             United States Magistrate Judge

4